531 A.2d 1388

Vahik BABAIAN and Eva Babaian, Appellants,

v.

TANGLWOOD LAKES, INC., Appellees.

Supreme Court of Pennsylvania.

Argued Oct. 21, 1986.

Decided Oct. 15, 1987.

Chester T. Harhut, Michael J. Donohue, Scranton, for appellant.

William C. Gumble, Steven R. Guccini, Paupack, for Tanglwood Lakes, Inc.

Randolph T. Borden, Hawley, Anthony Magnotta, Scranton, for Tanglwood Lakes Community Ass'n.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER OF COURT

PER CURIAM.

The Order of Superior Court is affirmed. See, *Petry v. Tanglwood, Lakes, Inc.*, 514 Pa. 51, 522 A.2d 1053 (1987).

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. The factual background of this case is similar to that of *Petry v. Tanglwood Lakes, Inc.*, 514 Pa. 51, 522

A.2d 1053 (1987). The appellants, Vahik Babaian and Eva Babaian, filed suit in equity seeking an order requiring appellee, Tanglwood Lakes, Inc. to specifically perform a key provision of the original agreement between the parties, namely, construction of a lake known as Briarwood Lake on the Tanglwood Lakes development site. The appellants also sought an order enjoining appellees Tanglwood Lakes, Inc. and Tanglwood Lakes Community Association from performing the terms of an agreement reached by them ostensibly relieving Tanglwood Lakes, Inc. of its contractual obligation to build Briarwood Lake.

I disagree with the lower court in its characterizing the real question in this case as a dispute regarding the diminution in the value of appellants' property due to the failure of appellee, Tanglwood Lakes, Inc. to construct Briarwood Lake. Because of that faulty premise, the lower court erred in concluding that the appellants had an adequate remedy at law. Further, it was error for the lower court, on appellees' preliminary objections, to dismiss appellants' equity suit, transfer this case to the law side, and strike that portion of the complaint seeking an injunction.

What I said in my dissent in *Petry v. Tanglwood Lakes Inc., supra* concerning the action there is similarly applicable here. This lawsuit is not about the market value of appellants' property under present circumstances as opposed to the market value if Briarwood Lake had been constructed.

[Appellants'] averments adequately show that [they] agreed to purchase and the appellee agreed to deliver a parcel of land having as a unique attribute a recreational lake at its doorstep. The [appellants'] purchase of this property was more than a real estate investment. It was an investment in a way of life and Briarwood Lake was essential to that way of life. Damages in this case do not merely involve the difference in the value of [appellants'] property abutting the lake as opposed to its value without the lake. Calculation of [appellants'] damages for [their] loss of a unique way of life—which is [their] real loss in

this case—would be speculative and highly problematical. In other words, it would be extremely difficult to determine money damages that would compensate the [appellants] for loss of the lake, along with loss of the boating, swimming, fishing and the general life style that goes with it.

Equity has jurisdiction over the cause of action set forth by the [appellants]. We should not approve the chancellor's order putting [appellants] out of court on [their] equitable complaint before hearing testimony and receiving evidence.

Id., 514 Pa. at 61–62, 522 A.2d at 1058.

I would reverse the order of the Superior Court and remand this case to the lower court for an order directing the appellees to answer the complaint in equity.